UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BREANNA S.,

Plaintiff,

Case No. 25-cv-12907
Hon. Matthew F. Leitman

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

______________________________________________________________________/

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On September 11, 2025, Plaintiff Breanna S., appearing *pro se*, filed this action seeking relief from the denial of her applications for Social Security benefits. (*See* Compl., ECF No. 1.) The assigned Magistrate Judge then issued an order that required Breanna S. to file a motion for summary judgment by no later than December 18, 2025. (*See* Order, ECF No. 9.) Breanna S. did not file a motion by that deadline (or for several months thereafter). Nor did it appear that she ever contacted the Magistrate Judge to seek additional time to file such a motion. Accordingly, on June 16, 2026, the Magistrate Judge directed Breanna S. to show cause, in writing, why the Court should not dismiss her Complaint and/or why she believed that she was entitled to benefits. (*See* Order, ECF No. 11.) The Magistrate Judge warned Breanna S. that if she "fail[ed] to file a response [...], the undersigned

[would] recommend that her case be dismissed for want of prosecution." (*Id.*, PageID.3988-3999.)

Brenna S. filed a response to the Magistrate Judge's order on July 14, 2026. (*See* Resp., ECF No. 3990.) The response in its entirety, provided as follows:

> Plaintiff did not receive letter to file motion in January therefore did not.
>
> Reason why entitled to DIB and SSI:
>
> Mental Illness.
> Severe Obesity.
> Medical conditions causing inability to work.
>
> Please do not dismiss my case. My life depends on it.

(*Id.*)

After Breanna S. filed that response, the Court vacated its order of reference to the Magistrate Judge and exercised its discretion to give Breanna S. one final opportunity to file a motion for summary judgment that identified how Breanna S. believed the Commissioner erred when he denied her applications for benefits. In an order issued on July 15, 2026, the Court directed Breanna S. to file a motion as follows:

> In that motion, Breanna S. shall (1) identify the specific portions of the [Administrative Law Judge's ("ALJ")] ruling with which she disagrees and (2) with respect to each of those specific portions, identify legal authority that supports her position that the ALJ erred and/or explain in detail why the ALJ erred. Breanna S. may also make any additional arguments in support of her request for benefits

> so long as those arguments are supported by identified legal authority and/or specific citations to evidence in the administrative record.

(*Id.*, PageID.3995.) The Court further warned Brenna S. that the failure to file such a motion would result in the dismissal of her Complaint. (*See id.*: "If Breanna S. fails to file a motion for summary judgment by August 7, 2026, or files a motion that does not comply with the requirements set forth in this paragraph, the Court will dismiss her Complaint").

Breanna S. filed a response to the Court's order on August 4, 2026. (*See* Resp., ECF No. 14.) In that response, Breanna S. did not comply with the Court's direction to identify legal authority and/or citations to evidence in the administrative record that supported her claim for benefits. Instead, she told that the Court that she was both unable to represent herself and unable to obtain counsel on her behalf:

> Plaintiff and her mother [] – who has had to handle the administrative and clerical burdens due to Plaintiff's inability to do so alone as a result of her physical and mental impairments – have made exhaustive, good-faith efforts to secure legal counsel. Dozens of attorneys and legal entities were contacted. Every attorney declined the case solely because it is a federal proceeding, leaving Plaintiff completely stranded without legal recourse despite diligent efforts.

(*Id.*)

After it received Breanna S.'s response, the Court decided not to dismiss her case at that time. Instead, the Court granted her one final opportunity to obtain

counsel. In an order dated August 6, 2026, the Court explained to Brenna S. that her "case [could not] move forward if [she did] not file a summary judgment motion that identifie[d] legal authority and/or citations to the administrative record that support her contention that the ALJ erred when the ALJ denied her applications for benefits." (Order, ECF No. 15, PageID.4000-4001.) The Court then provided her links to resources that she could consult when searching for counsel to represent her in this case. (*See id.*) Finally, it told Brenna S. that if counsel did not appear on her behalf by September 21, 2026, the Court would dismiss her Complaint without prejudice. (*See id.*, PageID.4001.)

On September 15, 2026, Breanna S. filed a response with the Court in which she said that she consulted the resources the Court had identified (as well as other resources) and was still unable to retain counsel to represent her in this action. (*See* Resp., ECF No. 16.) Breanna S. has also not filed a summary judgment motion on her own behalf as the Court previously directed, and she has indicated that she is unable to represent herself in this case. (*See id.*, PageID.4003: "We feel compelled to inform the Court that we have exhausted all available avenues and have no remaining alternatives, despite our exhaustive, good-faith efforts to comply with the Court's directives.")

The Court continues to remain very sympathetic to Breanna S.'s conditions. However, as it previously explained to her, this case simply cannot move forward if

she is unable to retain counsel and if she is unwilling or unable to file a motion for summary judgment on her own behalf. Both the Magistrate Judge and this Court have provided Brenna S. several opportunities to file such a motion and/or retain counsel, and Breanna S. has not done so. The Court therefore has no choice but to **DISMISS** this action **WITHOUT PREJUDICE**. If Brenna S. obtains counsel, or if Breanna S. decides she does want to represent herself and actively participate in this action, she may re-file her Complaint if time remains in the applicable statute of limitations.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126